Filed 5/6/22  P. v. Hernandez CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G059569 |
| v. | (Super. Ct. No. 08NF1682) |
| RUDOLPH JOSEPH HERNANDEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from orders of the Superior Court of Orange County, Cheri T. Pham, Judge.  Reversed and remanded with directions.

Johanna Pirko, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters and Julie L. Garland, Assistant Attorneys General, Arlene A. Sevidal and Elizabeth M. Kuchar, Deputy Attorneys General, for Plaintiff and Respondent.

\*          \*          \*

A jury convicted defendant Rudolph Joseph Hernandez of one count of first degree residential burglary (Pen. Code, §§ 459, 460, subd. (a); count 1)[1], two counts of first degree robbery (§§ 211, 212.5, subd. (a); counts 2 and 3), two counts of false imprisonment by violence (§§ 236, 237, subd. (a); counts 4 and 7)[2], one count of assault with a semiautomatic firearm (§ 245, subd. (b); count 5), and one count of carjacking (§ 215, subd. (a); count 6). The jury also found true allegations that non-accomplices were present during the commission of count 1 and that defendant personally used a firearm in the commission of counts 1 through 7. (§§ 667.5, subd. (c)(21), 12022.5, subd. (a), 12022.53, subd. (b).) The jury further found true allegations that defendant inflicted great bodily injury in the commission of counts 2, 4, 5, and 6. (§ 12022.7, subd. (a).)

The court sentenced defendant to 28 years in state prison as follows: (1) one year and four months on count 3; (2) three years and four months for the firearm enhancement under section 12022.53, subdivision (b) on count 3; (2) two years on count 5; (3) three years and four months for the firearm enhancement under section 12022.5, subdivision (a) on count 5; (4) five years on count 6; (5) 10 years for the firearm enhancement under section 12022.53, subdivision (b) on count 6; and (6) three years for the enhancement under section 12022.7, subdivision (a) on count 6. The court also stayed sentences on counts 1, 2, and 4 pursuant to section 654.

In August 2020, the California Department of Corrections and Rehabilitation (CDCR) sent a letter recommending the court recall and resentence defendant under provisions of former section 1170, subdivision (d)(i). The court declined to recall the sentence.

---

[1] All further statutory references are to the Penal Code.

[2] To avoid any confusion, we refer to the counts as they were alleged and numbered in the information.

Defendant appealed. In his opening brief, defendant initially argued the court abused its discretion because it did not afford him an opportunity to present additional information in support of the CDCR's recommendation as requested in his motion to vacate the court's ruling. He likewise claimed the court's denial of resentencing without notice violated his constitutional rights.

While defendant's appeal was pending, Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719) became effective on January 1, 2022. The bill moved the recall and sentencing provisions of section 1170, subsection (d) to a new section and changed the law. (§ 1170.03.)

In supplemental briefing, both defendant and the People request that we reverse and remand to the court for reconsideration of the CDCR's recommendation in light of Assembly Bill No. 1540. We reverse the order and remand in the interest of judicial economy. We accordingly need not address defendant's other contentions on appeal.

FACTS

In 2013, defendant was sentenced to 28 years in state prison. The sentence included firearm enhancements.

On August 5, 2020, the Secretary of the CDCR sent a letter to the court recommending it recall and resentence defendant under provisions of former section 1170, subdivision (d)(i). The recommendation was based on an amendment to section 12022.53, subdivision (h), which became effective January 1, 2018 and gave the court discretion to strike or dismiss a personal use firearm enhancement in the interest of justice.

On August 28, 2020, the court denied the recommendation for recall and resentencing with no prior notice to the parties. According to the minute order, the court held a hearing with no appearance by the parties. The court found that "[w]hile there

may be mitigating factors in support of the CDCR's request, the court cannot overlook the seriousness of the crime and defendant's institutional conduct." The court thereafter mailed copies of the minute order to defendant, the CDCR, the Orange County District Attorney's Office, and the Orange County Alternate Public Defender's Office.

On October 19, 2020, defendant filed a motion to vacate the court's ex parte ruling. Defendant argued he was denied the right to be personally present, the right to counsel, and the right to due process of law. He also requested the court schedule a hearing in the presence of counsel and the parties along with a briefing schedule to present additional information in support of the CDCR's recommendation. A few days later, with no appearance of the parties, the court denied defendant's motion to vacate.

DISCUSSION

In his opening brief, defendant initially claimed the court erred because it failed to allow the parties an opportunity to provide information relevant to the CDCR's recommendation, which he requested in his motion to vacate. He also argued the court violated his due process rights by failing to provide him with notice or an opportunity to be heard before declining the CDCR's recommendation.

In October 2021 while this appeal was pending, the Governor signed Assembly Bill No. 1540, which became effective on January 1, 2022. The legislation moved the recall and resentencing provisions of section 1170, subdivision (d) to section 1170.03. Under the newly enacted section 1170.03, "[r]esentencing shall not be denied . . . without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection." (§ 1170.03, subd. (a)(8).) Where (as here) the CDCR submits a resentencing request, "[t]he court shall provide notice to the defendant and set a status conference within 30 days after the date that the court received the request," and "[t]he court's order setting the conference shall also appoint counsel to represent the defendant." (*Id.*, subd. (b)(1).) The court also must apply "a presumption

4

favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety . . . ."
(*Id.*, subd. (b)(2).)

As discussed *ante*, both parties request that we reverse and remand for the court to reconsider the CDCR's recommendation by applying section 1170.03. We grant the request and remand for rehearing in the interest of judicial economy. In light of this conclusion, we need not address defendant's remaining contentions on appeal.

## DISPOSITION

The orders denying the CDCR's recommendation are reversed. The matter is remanded to the court with directions to reconsider the CDCR's recommendation consistent with current law. (§ 1170.03.)

MARKS, J.*

WE CONCUR:


MOORE, ACTING P. J.


SANCHEZ, J.

*Judge of the Orange County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5